**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 09-178-DLB**

**STATE AUTO INSURANCE COMPANY**                                **PLAINTIFF**

vs.                 **MEMORANDUM OPINION AND ORDER**

**KENNEDY HOMES, LLC**                                           **DEFENDANT**

\*    \*    \*    \*    \*    \*    \*

Plaintiff State Auto Insurance Company ("State Auto"), commenced this action against Defendant Kennedy Homes, LLC ("Kennedy Homes"), pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaratory judgment that no liability coverage is owed to Kennedy Homes as a result of any claims for property damage in a pending state court nuisance action

This matter is currently before the Court on Plaintiff's Motion for Summary Judgment and Supplemental Brief on Subject Matter Jurisdiction (Doc. #22) and Defendant's Motion for Summary Judgment (Doc. #23).[1] Both motions have been fully briefed, (Docs. #22, 23, 24, 25, 26), and Oral Argument was held on January 6, 2011. The matter is now ripe for review. For the reasons set forth below, because it is inappropriate to exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiff State Auto's Complaint

---

[1] The parties filed initial briefs on subject matter jurisdiction on April 7, 2010. (Docs. #16, 17). However, these briefs failed to address the amended complaint filed in the underlying state court action, and, therefore, the parties were ordered to supplement their previously filed briefs on subject matter jurisdiction in their dispositive motion filings. (Doc. #21).

1

(Doc. #1) is dismissed without prejudice, and all pending motions are denied as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

James B. Kirk is the owner of property located at 222 Beechwood Road, Fort Mitchell, Kenton County, Kentucky 41017. This property is landlocked and accessible solely from an easement granted to Kirk in Deed Book 1014, page 149, Kenton County Clerk's records. The easement runs across a portion of the lot now owned by Clifford and Angela Ludwig and originally coincided with a paved black top driveway. The easement is recorded in Deed Book 1051, page 21, Kenton County Clerk's records.

In 2004, several parcels of land adjacent to the Kirk property were sold to MNZ, LLC ("MNZ") for the development of a subdivision, Enclave. MNZ's original subdivision plan filed with the Kenton County Clerk noted the presence of Kirk's easement. In 2006 or early 2007, MNZ began development and removed the black top driveway coinciding with the easement. In April 2007, MNZ sold the Ludwig Lot to Defendant Kennedy Homes. Clifford and Angela Ludwig then purchased the lot from Kennedy Homes and contracted with Kennedy Homes to construct a residence. Kennedy Homes began construction in April 2007.

On June 9, 2009, Kirk and his attorney in fact, Etta Lenney, filed a complaint against Kennedy Homes and other co-defendants in Kenton Circuit Court, civil action number 09-CI-1753, alleging trespass, nuisance, conversion and intentional infliction of emotional distress. On January 15, 2010, Kirk and Lenney filed an amended complaint against Kennedy Homes, the Ludwigs and MNZ. The amended complaint alleged only nuisance claims against Kennedy Homes. Specifically, Kirk and Lenney alleged that Kennedy Homes altered the easement by reshaping the area to accommodate a driveway for the

2

Ludwig Lot home that now encroaches upon the Kirk property.  They also claimed that Kennedy Homes shaped the driveway and reshaped the surrounding land in such a manner that the easement area is now steeply sloped and, therefore, inaccessible and impossible to utilize.  Furthermore, the complaint alleged that one or more of the Defendants constructed a retaining wall with its situs partially upon and blocking the easement.  Kirk and Lenney contend that Kennedy Homes' actions have substantially impaired the use and value of the easement and the use and enjoyment of the Kirk property, rendering the Kirk property practically worthless.

State Auto issued to Kennedy Homes a commercial general liability ("CGL") insurance policy, policy number 02PBP2229208, with effective dates from March 1, 2006 to March 1, 2007.  Kennedy Homes made a claim for coverage under the policy for the claims asserted by Kirk and Lenney, and State Auto is currently providing a defense under a reservation of rights.[2]  State Auto initiated this declaration of rights action as it believes that the terms and conditions of the CGL policy, including relevant exclusions, clearly dictate that no coverage is owed to Kennedy Homes.

## II.  ANALYSIS

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added).  This act gives the district court broad discretion in determining whether to exercise jurisdiction.  *Wilton v. Seven Falls Co.*, 515

---

[2] The state court action is currently in the discovery phase.

U.S. 277, 286 (1995); *Aetna Cas. & Sur. Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996). Therefore, before the Court can address the pending summary judgment motions, it must first determine whether jurisdiction is proper.

The Sixth Circuit has established five factors that the district court must consider to determine whether exercising jurisdiction under the Declaratory Judgment Act is appropriate. These factors include:

(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata;

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Aetna Cas. & Sur. Co.*, 74 F.3d at 687 (quoting *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (internal quotations omitted).

**A. Whether the Declaratory Action will Settle the Controversy or Clarify the Legal Relations at Issue?**

Since the first two factors are closely related, courts often consider them together. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir. 2008). Given the split in the Sixth Circuit regarding the interpretation of these two factors, the Court will discuss them together.

The circuit split concerning the first factor-whether the declaratory action will settle the controversy- has generated two distinct lines of cases. *Id.* at 555. One line of cases

requires that the action settle the ultimate controversy, including the underlying state court action, while the other line of cases simply requires that it settle the controversy between the parties to the declaratory action. *Id.* In *Flowers*, the Sixth Circuit attempted to explain the competing lines of cases by examining their different factual scenarios. *Id.* The Court looked at several underlying factual issues: "whether the question was already being or could be considered in state court, whether the parties were the same in state and federal court, whether parties in the state action would be bound by the federal court action to which they were not a part, whether the issue was one being developed by state court discovery, and whether the scope of coverage or obligation to defend was before the state court." *Grange Mut. Cas. Co. v. Safeco Ins. Co.*, 565 F. Supp. 2d 779, 786 (E.D. Ky. 2008) (citing *Flowers*, 513 F.3d at 555-56).

Despite *Flowers* attempt to reconcile the circuit split, the Sixth Circuit has both affirmed and reversed district court decisions to exercise jurisdiction in factually similar declaratory judgment actions. In both *Travelers Indem. Co. v. Bowling Green Prof'l Assocs.*, 495 F.3d 266 (6th Cir. 2007) and *Flowers*, insurance companies sought declaratory judgment on their duties to defend and/or indemnify their insureds in underlying state court actions. *Flowers*, 513 F.2d at 550-51; *Travelers Indem. Co.*, 495 F.3d at 268-69. In both cases, the insurance coverage issues were governed by Kentucky law. *Flowers*, 513 F.2d at 550-51; *Travelers Indem. Co.*, 495 F.3d at 268-69. Similarly, the insurance companies were not parties in the underlying state court actions and additional parties in the state court action were not parties in the declaratory action. *Flowers*, 513 F.2d at 550-51; *Travelers Indem. Co.*, 495 F.3d at 268-69. Finally, in both cases, the

5

district courts concluded that the declaratory action could settle the immediate controversy and, therefore, exercised jurisdiction. *Flowers*, 513 F.2d at 555-56; *Travelers Indem. Co.*, 495 F.3d at 271-72. However, in *Travelers Indem. Co.*, the Sixth Circuit reversed the district court's decision and, in *Flowers*, affirmed the district court's decision. *Flowers*, 513 F.2d at 570; *Travelers Indem. Co.*, 495 F.3d at 273-74.

The Sixth Circuit is also split regarding the second factor and "whether the district court's decision must only clarify the legal relations presented in the declaratory judgment action or whether it must also clarify the legal relations in the underlying state action." *Flowers*, 513 F.3d at 557; see also *Travelers Indem. Co.*, 495 F.3d at 272; *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 814 (6th Cir. 2004).

Given the contrary holdings in *Flowers* and *Travelers Indem. Co.*, this Court must "look for guidance in the Sixth Circuit's purpose behind creating these factors in the first place." *Grange Mut. Cas. Co.*, 565 F. Supp. 2d at 787. When the Sixth Circuit created the five factor test, it explained "[t]he two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed." *Grand Trunk W. R.R. Co.*, 746 F.2d at 326. It was these very principles that were then incorporated into the first two factors of the five factor test. Therefore, it follows that the two factors are meant to address different issues. *Grange Mut. Cas. Co.*, 565 F. Supp. 2d at 788. The first factor concerns whether the declaratory

6

action will settle the ultimate controversy, while the second factor looks to whether the declaratory action will resolve at least one of the legal relations at issue. *Id.*

In the present case, the declaratory action will not settle the ultimate controversy. State Auto is not a party to the underlying state court action, and, similarly, the state court plaintiffs and co-defendants are not parties to this action. On the other hand, this action would resolve the legal relation at issue between State Auto and Kennedy Homes, since the question of insurance coverage is not before the state court. Therefore, the first factor weighs against exercising jurisdiction, while the second factor weighs in favor of exercising jurisdiction.

### B. Whether the Declaratory Remedy is Being Used for a Race for Res Judicata?

The third factor is "meant to preclude jurisdiction for declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a natural plaintiff and who seem to have done so for the purpose of acquiring a favorable forum." *Flowers*, 513 F.3d at 558 (quoting *Amsouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004)) (internal quotations omitted). Furthermore, courts have been reluctant to infer an improper motive when the record is devoid of evidence of such a motive. *See Travelers*, 495 F.3d at 272. State Auto commenced the present declaratory action over four months after the state court action began. Moreover, State Auto is not a party to the underlying state court action, and the insurance coverage issue is not before that court. Additionally, Kennedy Homes has presented no evidence that State Auto filed this declaratory action merely to obtain a more favorable forum. Since there has been no evidence presented of an improper motive, the Court finds this factor is neutral. *See id.*

7

### C. Whether the Declaratory Action will Increase Friction Between State and Federal Courts?

When considering the fourth factor, courts should also weigh the following three sub-factors:

(1) whether the underlying factual issues are important to an informed resolution of the case;

(2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

The first sub-factor considers "whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Flowers*, 513 F.3d at 560. In actions involving the scope of insurance coverage, some questions can be resolved as a matter of law and do not require factual findings. *Id.* (citing *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003)). However, if factual findings are required which might conflict with factual findings by the state court, the exercise of jurisdiction is inappropriate. *Id.* (citing *Travelers*, 495 F.3d at 272).

In state court, the plaintiffs are attempting to prove that various defendants, including Kennedy Homes, interfered with the plaintiffs' use and enjoyment of the Kirk property. In this declaratory action, the only issue before the Court is whether Kennedy Homes is entitled to insurance coverage regarding the underlying state court action. State Auto contends that there is no insurance coverage because the damage to the Kirk property was

not caused by an "occurrence" as defined in the CGL policy. State Auto argues that since the state court complaint appears to allege an intentional nuisance, no coverage is owed because the policy excludes intentional acts. On the other hand, Kennedy Homes argues that there is no evidence in the record that it intended to interfere with the underlying plaintiffs' use and enjoyment of their property.

Despite State Auto's assertions to the contrary, nuisance is not an intentional tort, and, in order to be found liable, the plaintiff need not prove that the defendant intended to interfere with the plaintiff's use and enjoyment of his property. Kentucky law defines nuisances as "that class of wrongs which arises from the unreasonable, unwarrantable, or unlawful use by a person of his own property and produces such material annoyance, inconvenience, discomfort, or hurt that the law will presume a consequent damage." *City of Somerset v. Sears*, 233 S.W.2d 530, 532 (Ky. 1950). Furthermore, the legislature has enacted a statute regarding the determination of a private nuisance:

(1) In determining whether a defendant's use of property constitutes a private nuisance, the judge or jury, whichever is the trier of fact, shall consider all relevant facts and circumstances including the following:

   (a) The lawful nature of the defendant's use of the property;

   (b) The manner in which the defendant has used the property;

   (c) The importance of the defendant's use of the property to the community;

   (d) The influence of the defendant's use of property to the growth and prosperity of the community;

   (e) The kind, volume, and duration of the annoyance or interference with the use and enjoyment of claimant's property caused by the defendant's use of property;

   (f) The respective situations of the defendant and claimant; and

> > (g) The character of the area in which the defendant's property is located, including, but not limited to, all applicable statutes, laws, or regulations.
>
> (2) A defendant's use of property shall be considered as a substantial annoyance or interference with the use and enjoyment of a claimant's property if it would substantially annoy or interfere with the use and enjoyment of property by a person of ordinary health and normal sensitivities.

K.R.S § 411.550.

Although the state court plaintiffs need not prove that Kennedy Homes intended to interfere with the plaintiffs' use and enjoyment of the Kirk property, it is likely that facts concerning this issue will surface during discovery. Furthermore, given that Kentucky law does consider the lawfulness and reasonableness of the defendant's use of property in nuisance actions, facts concerning Kennedy Homes' knowledge of the easement or any mistaken beliefs it had regarding the scope or location of the easement may very well be considered by the trier of fact. Therefore, the first sub-factor favors not exercising jurisdiction.

The second sub-factor considers which court, state or federal, is in a better position to resolve the declaratory action. *Flowers*, 513 F.3d at 560. Generally, state courts are found to be in a better position to resolve questions of state regulated insurance contracts and novel questions of state law. *See Travelers*, 495 F.3d at 272; *J & L Lumber Co.*, 373 F.3d at 815-16. However, when the insurance company is not a party to the state action, and the scope of coverage or an obligation to defend are not before the state court, "a decision by the district court on these issues would not offend principles of comity." *Flowers*, 513 F.3d at 560 (quoting *Northland Ins. Co.*, 327 F.3d at 454).

Despite the fact that State Auto is not a party to the state action, and the scope of coverage is not an issue in that action, this sub-factor still weighs against the exercise of jurisdiction. As stated above, the state court is in a better position to decide insurance issues. Furthermore, while the Court recognizes that insurance coverage is not a novel question of state law, Kentucky law is not clear on whether interference with a recorded easement would constitute an "accident" under a CGL policy. *See Cincinnati Ins. Co. v. Motorists Mut. Ins. Co.*, 306 S.W.3d 69 (Ky. 2010); *Bituminous Cas. Corp. v. Kenway Contracting, Inc.*, 240 S.W.3d 633 (Ky. 2007). Moreover, the Kentucky state court already has access to the relevant proof and all other parties potentially affected by the coverage dispute.

The third sub-factor considers whether the issue in the declaratory action implicates important state policies and is more appropriate for consideration in state court. *Flowers*, 513 F.3d at 561. The Sixth Circuit has found that states are in a better position to resolve insurance contract disputes because they are more familiar with state law, regulate the insurance companies for the protection of their citizens, and are in the best position to identify and enforce the public policies underlying those regulations. *Id.* (citing *J & L Lumber Co.*, 373 F3d at 815). While federal courts are certainly competent to resolve insurance contract disputes, Kentucky courts are better situated to resolve these issues, and, therefore, this sub-factor weighs against exercising jurisdiction. Consequently, the fourth factor weighs against exercising jurisdiction.

One further matter deserves comment. During oral argument, counsel for Defendant Kennedy Homes indicated that there has been no recent activity in the state court action

and that the case may be dismissed for lack of prosecution. If the underlying state court complaint is dismissed, it would moot out the issue of whether Kennedy Homes is entitled to insurance coverage and the need for this court to adjudicate the pending summary judgment motions. Therefore, a decision on whether insurance coverage is owed under the policy potentially runs the risk of becoming an advisory opinion should the state court action be dismissed. The Court finds this potential to also weigh in favor of declining jurisdiction.

### D. Whether an Alternative Remedy is Available?

Kentucky law provides an alternative remedy to a declaratory action in federal court. State Auto could have filed a petition for declaratory relief in Kentucky state court under K.R.S. § 418.040. There is a Sixth Circuit split "whether the possibility of seeking a declaratory judgment or an indemnity action in state court counsels against the district court exercising jurisdiction." *Flowers*, 513 F.3d at 562. In any event, as discussed above, state courts are best situated to determine insurance coverage issues. The Sixth Circuit has noted that declaratory actions seeking an opinion regarding indemnity issues "should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem." *J & L Lumber Co.*, 373 F.3d at 812 (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986)). If the actions are filed in two separate courts "confusing problems of scheduling, orderly presentation of fact issues and res judicata are created." *Id.* (quoting *Manley, Bennett, McDonald & Co.*, 791 F.2d at 463). Therefore, this factor weighs against exercising jurisdiction.

### E. Balancing the Factors

The Sixth Circuit has not instructed the district courts on how the five factors should be balanced. *Flowers*, 513 F.3d at 563. In the present case, the second factor points toward exercising jurisdiction, and the third factor is neutral. However, the first, fourth and fifth factors weigh against exercising jurisdiction. Given the unique and substantial discretion which the Declaratory Judgment Act confers on district courts, the Court finds that an exercise of jurisdiction in the present case is not appropriate. While the parties also addressed the merits of the summary judgment motions at oral argument, including whether there was an "occurrence" and whether the "property damage" exclusion precludes coverage under the applicable CGL policy, the Court need not address those arguments. Consequently, State Auto's Complaint will be dismissed without prejudice, and the pending summary judgment motions will be denied as moot.

### III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) The Court declines to exercise jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Plaintiff State Auto Insurance Company's Complaint (Doc. #1) is hereby **DISMISSED WITHOUT PREJUDICE**; and

(2) Plaintiff's Motion for Summary Judgment (Doc. #22) and Defendant's Motion for Summary Judgment (Doc. #23) are hereby **DENIED AS MOOT**.

This 7th day of January, 2011.



G:\DATA\Opinions\Covington\2-09-178 MOO Dismissing Complaint.wpd